# EXHIBIT A

Barry A. Kozyra, Esq. (023641978)
**KOZYRA & HARTZ, LLC**
354 Eisenhower Parkway
Second Floor, Suite 2300
Livingston, New Jersey 07039
Tel.: (973) 740-1550
Fax: (973) 740-1515
Attorneys for Third Party Defendant/
Fourth Party Plaintiff, Princeton Investment Partners, Ltd

| | |
|---|---|
| OLD NASSAU IMPORTS, LLC,<br><br>                 Plaintiff,<br><br>     v.<br><br>USI INSURANCE SERVICES, LLC,<br>ROBERT COPE, DAVID GASTWIRTH,<br>AMERICAN BUSINESS, INC. AND<br>AMERICAN BUSINESS EAST, INC., JOHN<br>AND JANE DOES 1-10, ABC COMPANY 1-10<br><br>               Defendants. | SUPERIOR COURT OF NEW JERSEY<br>LAW DIVISION - ESSEX COUNTY<br><br>DOCKET NO. L-8865-14<br><br>CIVIL ACTION<br><br><br>           **SUMMONS** |
| USI INSURANCE SERVICES, LLC and<br>ROBERT COPE,<br><br>          Third-Party Plaintiffs,<br><br>     v.<br><br>PRINCETON INVESTMENT PARTNERS,<br>LTD.<br><br>         Third-Party Defendant. | |
| PRINCETON INVESTMENT PARTNERS,<br>LTD.<br><br>         Fourth- Party Plaintiff,<br>     v.<br><br>RLI INSURANCE COMPANY, and JOHN<br>AND JANE DOES 1-5 AND ABC<br>COMPANY 1-5, said Names being Fictitious,<br><br>       Fourth-Party Defendants. | |

From The State of New Jersey To The Fourth Party Defendant(s) Named Above:

**RLI Insurance Company**
**10000 Midlantic Drive**
**Suite 400W**
**Mount Laurel, NJ 08054**

The third party defendant/fourth party plaintiff, Princeton Investment Partners, Ltd, has filed a lawsuit against you in the Superior Court of New Jersey. The fourth party complaint attached to this summons states the basis for this lawsuit. If you dispute this fourth party complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/pro se/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed.

You must also send a copy of your answer or motion to third party defendant/fourth party plaintiff's attorney whose name and address appear above, along with the following counsel of record:

Frederick C. Biehl, Esq.,
Soriano, Henkel, Biehl & Matthews, P.C.
75 Eisenhower Parkway
Roseland, New Jersey 07068
Attorney for Plaintiff, Old Nassau Imports, LLC

Christopher Leise, Esq.
White and Williams, LLP
457 Haddonfield Road
Suite 400
Cherry Hill, New Jersey 08002
Attorney for Defendants, USI Insurance Services, LLC
and Robert Cope

Gary Varnavides, Esq.
Sichenzia, Ross, Friedman, Ference
61 Broadway
New York, New York 10006
Attorney for Defendants David Gastwirth,
American Business & Professional Program, Inc.
and American Business East, Inc.

A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief third party defendant/fourth party plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment.

If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf.

/s/ Michelle M. Smith
Clerk of the Superior Court

Date: November 10, 2016

Name of Defendant to be Served:          **RLI Insurance Company**

Address of Defendant to be Served:       **10000 Midlantic Drive**
**Suite 400W**
**Mount Laurel, NJ 08054**

**PERSONAL SERVICE ONLY**

3

Barry A. Kozyra, Esq. (023641978)
**KOZYRA & HARTZ, LLC**
354 Eisenhower Parkway
Second Floor, Suite 2300
Livingston, New Jersey 07039
Tel.: (973) 740-1550
Fax: (973) 740-1515
Attorneys for Third Party Defendant
Princeton Investment Partners, Ltd



OLD NASSAU IMPORTS, LLC,

                Plaintiff,

      v.

USI INSURANCE SERVICES, LLC,
ROBERT COPE, DAVID GASTWIRTH,
AMERICAN BUSINESS, INC. AND
AMERICAN BUSINESS EAST, INC., JOHN
AND JANE DOES 1-10, ABC COMPANY 1-
10

                Defendants.

USI INSURANCE SERVICES, LLC and
ROBERT COPE,

                Third-Party Plaintiffs,

      v.

PRINCETON INVESTMENT PARTNERS,
LTD.

                Third-Party Defendant.

PRINCETON INVESTMENT PARTNERS,
LTD.

                Fourth- Party Plaintiff,
      v.

RLI INSURANCE COMPANY, and JOHN
AND JANE DOES 1-5 AND ABC
COMPANY 1-5, said Names being Fictitious,

                Fourth-Party Defendants.

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION - ESSEX COUNTY

DOCKET NO. L-8865-14

CIVIL ACTION

**ANSWER OF PRINCETON INVESTMENT
PARTNERS, LTD. TO THIRD PARTY
COMPLAINT OF USI INSURANCE
SERVICES, LLC AND ROBERT COPE AND
FOURTH PARTY COMPLAINT AGAINST
RLI INSURANCE COMPANY**



Third Party Defendant Princeton Investment Partners, Ltd. ("Third Party Defendant" or "Princeton"), by and through its attorneys, Kozyra & Hartz, LLC, answers the Third Party Complaint as follows:

## THE PARTIES

1.      Admitted.

2.      Princeton lacks knowledge or information sufficient to form a belief as to the allegations and leaves Third Party Plaintiffs to their proofs.

3.      Princeton lacks knowledge or information sufficient to form a belief as to the allegations and leaves Third Party Plaintiffs to their proofs.

4.      Denied.

## BACKGROUND

5.      Admitted.

6.      Admitted.

7.      Admitted.

8.      Admitted.

9.      Denied except to admit that the facts alleged have been referenced out of the context of the entire agreement and the relationship of the parties leaving Third Party Plaintiffs to their proofs.

10.     Denied except to admit that the facts alleged have been referenced out of the context of the entire agreement and the relationship of the parties leaving Third Party Plaintiffs to their proofs.

11.     Denied except to admit that the facts alleged have been referenced out of the context of the entire agreement and the relationship of the parties leaving Third Party Plaintiffs to their proofs.

12.     Denied except to admit that the facts alleged have been referenced out of the context of the entire agreement and the relationship of the parties leaving Third Party Plaintiffs to their proofs.

13.     Denied except to admit that the facts alleged have been referenced out of the context of the entire agreement and the relationship of the parties leaving Third Party Plaintiffs to their proofs.

14.     Denied except to admit that the facts alleged have been referenced out of the context of the entire agreement and the relationship of the parties leaving Third Party Plaintiffs to their proofs.

15.     Princeton lacks knowledge or information sufficient to form a belief as to the allegations and leaves Third Party Plaintiffs to their proofs.

16.     Princeton lacks knowledge or information sufficient to form a belief as to the allegations and leaves Third Party Plaintiffs to their proofs.

17.     Princeton lacks knowledge or information sufficient to form a belief as to the allegations and leaves Third Party Plaintiffs to their proofs.

18.     Princeton lacks knowledge or information sufficient to form a belief as to the allegations and leaves Third Party Plaintiffs to their proofs.

19.     Denied.

20.     Denied.

21.     Denied.

22.     Denied.

23.     Denied.

24.     Denied.

**WHEREFORE**, Third Party Defendant Princeton Investment Partners, Ltd., demands Judgment against the Third Party Complaint of USI Insurance Services, LLC and Robert Cope with prejudice, together with costs of suit and such other relief as the Court deems equitable and just.

## SEPARATE DEFENSES TO ALL COUNTS

### FIRST SEPARATE DEFENSE

Defendants/Third Party Plaintiffs fail to set forth a cause of action upon which relief can be granted.

### SECOND SEPARATE DEFENSE

The prosecution of the claims set forth in the Third Party Complaint is barred or limited by reason of Third Party Plaintiffs' own acts or omissions.

### THIRD SEPARATE DEFENSE

The prosecution of the claims set forth in the Third Party Complaint is barred or limited by reason of the express provisions of any agreements involved in this action.

### FOURTH SEPARATE DEFENSE

The prosecution of the claims set forth in the Third Party Complaint is barred or limited by reason of Princeton having fully performed and completed relevant services under any agreements connected to this action.

### FIFTH SEPARATE DEFENSE

The prosecution of the claims set forth in the Third Party Complaint is barred or limited by reason of the equitable doctrines of waiver, laches, estoppel and unclean hands.

### SIXTH SEPARATE DEFENSE

The prosecution of the claims set forth in the Third Party Complaint is barred or limited by reason of the doctrine of res judicata and/or collateral estoppel.

4

## SEVENTH SEPARATE DEFENSE

The prosecution of the claims set forth in the Third Party Complaint is barred or limited by reason of Defendants/Third Party Plaintiffs' failure to mitigate damages.

## EIGHTH SEPARATE DEFENSE

The prosecution of the claims set forth in the Third Party Complaint is barred or limited by reason of lack of mutual intent or mutual mistake.

## NINTH SEPARATE DEFENSE

The prosecution of the claims set forth in the Third Party Complaint is barred or limited by reason of any contract or agreement which Defendants/Third Party Plaintiffs alleges to exist being void and/or unenforceable as a matter of law and/or public policy.

## TENTH SEPARATE DEFENSE

The Defendants/Third Party Plaintiffs' claimed damages were caused by persons or entities over whom the Third Party Defendant has no control.

## ELEVENTH SEPARATE DEFENSE

The Defendants/Third Party Plaintiffs' claims are frivolous pursuant to Rule 1:4-8 and N.J.S.A. 2A:15-59.1, as they lack a reasonable basis in law or equity and cannot be supported by a good faith argument for an extension, modification or reversal of existing law.

## TWELFTH SEPARATE DEFENSE

The allegations of the Third Party Complaint are based on false statements of fact and unless withdrawn or corrected constitute a violation of the Rules of Court.

## THIRTEENTH SEPARATE DEFENSE

The fiduciary responsibilities and duties of the Defendants/Third Party Plaintiffs' to the Plaintiff cannot be transferred to Princeton by Defendants/Third Party Plaintiffs.

WHEREFORE, Third Party Defendant Princeton Investment Partners, Ltd., demands judgment dismissing the Third Party Complaint with prejudice and awarding the attorneys' fees, costs and disbursements which Third Party Defendant Princeton Investment Partners, Ltd. has incurred in defending against the Third Party Complaint.

## FOURTH PARTY COMPLAINT

Fourth Party Plaintiff, Princeton Investment Partners, Ltd. ("Princeton"), by way of Fourth Party Complaint against the Fourth Party Defendants, RLI Insurance Company ("RLI"), John and Jane Does 1-5 and ABC Company 1-5, aver as follows:

## FACTUAL BACKGROUND

1.     Fourth Party Plaintiff Princeton, is a corporation of the State of New Jersey.

2.     Fourth Party Defendant, RLI, is an insurance company which, upon information and belief, is organized and existing under the laws of the State of Illinois, with its principal place of business in the State of Illinois.

3.     Fourth Party Defendants John and Jane Does 1-5 and ABC Company 1-5 are fictitious names for individuals, companies, agents, or representatives of or affiliated with Fourth Party Defendant, RLI, and has acted on behalf of and in concert with RLI.

4.     On or about September 5, 2015, Princeton procured a professional personal services liability insurance policy number RTP0006230 with RLI (the "Policy").

5.     The Policy is a claims-made and reported policy with a policy period from September 5, 2015 to September 5, 2016.

6.     The Policy procured coverage for any actual or alleged error, omission or negligent act connected to Princeton's professional services to third parties, including management consulting services for amongst other things, (1) analysis of management and operational issues and

6

development and improvement plans; or (2) advice and guidance on development and the implementation of strategic goals, and objectives.

7.    In or about August 2016, a third-party complaint was filed on behalf of USI Insurance Services, LLC and Robert Cope against Princeton alleging negligence on the part of Princeton in connection with its duties to advise and assist the First Party Plaintiff Old Nassau Imports, LLC ("ONI") in the conduct of its business pursuant to a May 16, 2008 services contract (the "Contract"). Attached hereto is a copy of the Third Party Complaint with the Contract attached thereto as Exhibit A.

8.    In accordance with ¶1 of the Contract, Princeton agreed to:

> advise and assist ONI in the conduct of its business, including without limitation, operational growth, cash flow management, investment banking, inventory control and management, logistics, product costing and distribution, strategic planning, financial analysis, insurance services and such other matters as may be reasonably requested and approved by the ONI Board of Directors.

[See Ex. A, ¶1 attached to the Third Party Complaint; See also Third-Party Complaint, ¶9]

9.    The Third Party Complaint alleges that representatives of Princeton "assisted ONI in the conduct of its business, including its growth, cash flow management, strategic planning, financial services and insurance services." [See Third-Party Complaint, ¶12]

10.    However, the Third Party Complaint alleges that Princeton negligently performed its management consulting responsibilities, including its failure to "advise and assist [ONI] with its finances, accounts and other conduct of its business." [See Third Party Compl., ¶¶21 -21 (including subparts).

11.    On June 23, 2016, Princeton timely notified RLI of the planned filing of the Third Party Complaint demanding RLI defend and indemnify it.  (The identical Third Party Complaint was later filed and served on Princeton.)

7

12.     On August 26, 2016, RLI refused to acknowledge its duty to either defend or indemnify Princeton in connection with the Third Party Action notwithstanding the language of the policy which covers the conduct such as that alleged by the Third Party Plaintiffs. (See Exhibit B, Letter from RLI to Princeton dated August 26, 2016.)

13.     As a result of RLI's wrongful refusal to defend the case, Princeton has been forced to assume its own defense and also filed this Fourth Party Action against RLI.

## FIRST COUNT

### (Declaratory Judgment/Breach of Contract-Defense Costs)

14.     Fourth Party Plaintiff repeats the allegations of the preceding paragraphs as if set forth at length herein.

15.     Fourth Party Defendant, RLI has breached the express terms of the Policy by failing and refusing to provide Princeton with a defense for all counts of the Third Party Complaint and by failing to fully and properly investigate Princeton's claim.

16.     Under the terms of the Policy, RLI had a duty to defend against all counts of the Third Party Complaint.

17.     As a direct and proximate result of RLI's breach of contract, Princeton has been and continues to be deprived of the benefit of insurance coverage for which they have paid substantial premiums.

18.     As a direct and proximate result of RLI's failure to defend the Third Party Complaint, Princeton has suffered substantial damages, including but not limited to, payment of attorney fees and costs of litigation.

## SECOND COUNT

### (Declaratory Judgment/Breach of Contract-Indemnity)

19.     Fourth Party Plaintiff Princeton repeats the allegations of the preceding paragraphs as if set forth at length herein.

20.     In the Third Party Complaint, it is alleged that Princeton negligently performed its management consulting responsibilities, including its failure to "advise and assist [ONI] with its finances, accounts and other conduct of its business." [See Third Party Compl., ¶¶21 -21 (including subparts).

21.     Any liability on the part of Princeton or damages as alleged in connection with the Third Party Complaint has been refused to be paid by RLI.

22.     However, any liability of Princeton in connection to the allegations included in the Third Party Complaint is covered under the Policy because (1) the loss, if any, arose out of the Professional Services as defined in the Policy; (2) the Policy is a "claims made" policy and the claim for Princeton's alleged negligent performance in connection with its  Professional Services as defined in the Policy was asserted during the Policy's coverage period, and (3) the provisions in the Policy which RLI relies on to bar or otherwise disclaim coverage are not specific, plain, clear or prominent and are contrary to public policy.

23.     As a result of the foregoing, RLI is liable to Princeton for any monies paid out as a result of the underlying action.

WHEREFORE, Fourth Party Plaintiff, Princeton Investment Partners, Ltd., demands judgment against the Fourth Party Defendants, RLI Insurance Company ("RLI"), John and Jane Does 1-5 and ABC Company 1-5 as follows:

9

(a)     Declaring that Fourth Party Plaintiff, Princeton Investment Partners, Ltd., was/is entitled to coverage as an insured under the Policy afforded by Fourth Party Defendant RLI Insurance Company;

(b)     Declaring that Fourth Party Defendant RLI Insurance Company was/is obligated to defend, indemnify and insure Princeton Investment Partners, Ltd., against the allegations in the Third Party Complaint;

(c)     Declaring Fourth Party Defendant RLI Insurance Company to have a duty to indemnify Fourth Party Plaintiff, Princeton Investment Partners, Ltd., under the Policy, against any Order or Judgment that may be entered against it;

(d)     Declaring Fourth Party Defendant RLI Insurance Company to be obligated to reimburse Plaintiff, Princeton Investment Partners, Ltd., for all expenses incurred for attorneys' fees and costs in defending against the Third Party Complaint; and

(e)     Ordering such other and further relief as may be equitable and just.

> **KOZYRA & HARTZ, LLC**
> Attorneys for Fourth-Party Plaintiff,
> Princeton Investment Partners, Ltd.
>
> By: _____
>         BARRY A. KOZYRA

Dated: October 28, 2016

### JURY DEMAND

Fourth Party Plaintiff, Princeton Investment Partners, Ltd., hereby demands a trial by jury as to all issues herein presented.

10

## DESIGNATION OF TRIAL COUNSEL

Pursuant to the provisions of R. 4:25-4, the Court is hereby advised that Barry A. Kozyra, Esq., is designated as trial counsel.

> KOZYRA & HARTZ, LLC
> Attorneys for Third Party Defendant,
> Princeton Investment Partners, Ltd.
>
> By: _____
>        BARRY A. KOZYRA

Dated: October 28, 2016

## DEMAND FOR DOCUMENTS AND PRESERVATION OF EVIDENCE

Third Party Defendant demands full copies of all documents referred to in the Third Party Complaint be served on counsel within five days and the Defendants/Third Party Plaintiffs and their counsel preserve all documents in their possession, custody and control.

> KOZYRA & HARTZ, LLC
> Attorneys for Third Party Defendant,
> Princeton Investment Partners, Ltd.
>
> By: _____
>        BARRY A. KOZYRA

Dated: October 28, 2016

11

## RULE 4:5-1 CERTIFICATION

Pursuant to Rule 4:5-1, it is stated that the matter in controversy is not the subject of any other action pending in any other court or of a pending arbitration proceeding to the best of our knowledge or belief. Also, to the best of our belief, no other action or arbitration proceeding is contemplated. Further, other than the parties set forth in this pleading, we know of no other parties that should be joined in the above action. In addition, we recognize the continuing obligation or each party to file and serve on all parties and the Court an amended certification if there is a change in the facts stated in this original Certification.

KOZYRA & HARTZ, LLC
Attorneys for Third Party Defendant,
Princeton Investment Partners, Ltd.

By: _____
BARRY A. KOZYRA

Dated: October 28, 2016

## RULE 1:38-7(B) DISCLOSURE

I certify that confidential personal identifiers have been redacted from documents now submitted to the Court, and will be redacted from all documents submitted in the future in accordance with R. 1:38-7(b).

KOZYRA & HARTZ, LLC
Attorneys for Third Party Defendant,
Princeton Investment Partners, Ltd.

By: _____
BARRY A. KOZYRA

Dated: October 28, 2016

12

## CERTIFICATION OF SERVICE

The undersigned hereby certifies that a copy of this responsive pleading was served via New Jersey Lawyer Service upon:

Frederick C. Biehl, III, Esq.
Soriano, Henkel, Biehl & Matthews, P.C.
75 Eisenhower Parkway
Roseland, New Jersey 07068

Christopher Leise, Esq.
White and Williams, LLP
457 Haddonfield Road
Suite 400
Cherry Hill, New Jersey 08002-2220

Sichenzi Ross Friedman Ference, LLP
61 Broadway
New York, New York 10006
Attn: Gary Varnavides, Esq.

**KOZYRA & HARTZ, LLC**
Attorneys for Third Party Defendant,
Princeton Investment Partners, Ltd.

By: _____
BARRY A. KOZYRA

Dated: October 28, 2016

SUPERIOR COURT OF NEW JERSEY
LAW DIVISION
ESSEX VICINAGE

OCT 31 2016

FINANCE DIVISION
RECEIVED/FILED

13

# EXHIBIT A

WHITE AND WILLIAMS LLP
BY:    Christopher P. Leise, Esquire
       Katrina D. Gibson, Esquire
Identification Nos. 021271978, 012562007
LibertyView | 457 Haddonfield Road, Suite 400
Cherry Hill, NJ 08002-2220
856.317.3600
Attorneys for Defendants,
USI Insurance Services, LLC and Robert Cope

| | |
|---|---|
| OLD NASSAU IMPORTS, LLC<br><br>        Plaintiff,<br><br>        v.<br><br>USI INSURANCE SERVICES, LLC, ROBERT COPE, DAVID GASTWIRTH, AMERICAN BUSINESS, INC. AND AMERICAN BUSINESS EAST, INC., JOHN AND JANE DOES 1-10, ABC COMPANY 1-10<br><br>        Defendants. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION - ESSEX COUNTY<br><br>DOCKET NO.: L-8865-14<br><br>CIVIL ACTION<br><br>**USI INSURANCE SERVICES, LLC'S AND ROBERT COPE'S THIRD-PARTY COMPLAINT AGAINST PRINCETON INVESTMENT PARTNERS AND JURY DEMAND** |
| USI INSURANCE SERVICES, LLC and ROBERT COPE,<br><br>        Third-Party Plaintiffs,<br><br>        v.<br><br>PRINCETON INVESTMENT PARTNERS, LTD.,<br><br>        Third-Party Defendants | |

17129308v.1

Defendants/Third-Party Plaintiffs, USI Insurance Services, LLC and Robert Cope, by way of third-party complaint against Third-Party Defendant, Princeton Investment Partners, Ltd., aver as follows:

## THE PARTIES

1.     Plaintiff Old Nassau Imports, LLC ("Old Nassau" or "Plaintiff") is, upon information and belief, a Delaware limited liability company with offices located at 80 Cottontail Lane, Suite 105, Somerset, New Jersey 08873 and 1 Cotswald Lane, Princeton, NJ 08540.

2.     Defendant/Third-Party Defendant U.S.I. Insurance Services, LLC ("USI") is a limited liability company with offices located at 300 Executive Drive, Suite 380, West Orange, New Jersey 07052.

3.     Defendant/Third-Party Plaintiff, Robert Cope, is a licensed New Jersey insurance broker with an office located at 300 Executive Drive, Suite 380, West Orange, New Jersey 07052.

4.     Third-Party Defendant Princeton Investment Partners, Ltd. is, upon information and belief, a for-profit corporation with an offices located at 80 Cottontail Lane, Suite 105, Somerset, New Jersey 08873 and/or 65 S. Main St, Pennington, New Jersey 08534.

## BACKGROUND

5.     Plaintiff Old Nassau is in the spirits business and distributes and markets a product called Double Cross Vodka.

6.     In or around 2008, Old Nassau entered into an agreement with Princeton Investment Partners, Ltd. ("PIP") Ltd. A copy of this agreement (the "Agreement") is attached hereto as Exhibit A.

1712930v.1

7.    William Sivitz and D. Ross Arthurs signed the Agreement on behalf of PIP.   See Exh. A, p. 2.

8.    Upon information and belief, Sivitz is and was the President and owner of PIP, and D. Ross Arthurs was the Vice President of PIP and part owner/partner.

9.    Pursuant to this Agreement, PIP agreed to provide the following services to Old Nassau, i.e., "ONI":

> advise and assist ONI in  the *conduct of its business*, including without limitation, operational growth, *cash flow management*, investment banking, inventory control and management, logistics, product costing and distribution, strategic planning, *financial analysis, insurance services* and such other matters as may be reasonably requested and approved by the ONI Board of Directors.

See Exh. A, para. 1 (emphases added).

10.    In consideration of the services rendered by PIP, ONI agreed to compensate PIP in the form of equity capital in Old Nassau.  See Exh. A, para. 5.

11.    The Agreement states that PIP was working as an independent contractor and not as an employee, agent or partner of Old Nassau.  See Exh. A, para. 3.

12.    Sivitz and Arthurs, on behalf of PIP and pursuant to the Agreement, assisted Old Nassau in the conduct of its business, including its operational growth, cash flow management, strategic planning, financial services, and insurance services.

13.    Specifically, Sivitz was the PIP "insurance guy" for Old Nassau.  Pursuant to the Agreement, Sivitz/PIP was responsible for obtaining and maintaining all of Old Nassau's insurance coverages, including general liability, property, workers' compensation, D&O liability, fiduciary liability, and the key man life insurance coverages on Malcolm Lloyd's life at issue in this litigation.  Sivitz/PIP engaged USI, communicated Old Nassau's needs to USI, was responsible for providing the necessary information and completing the necessary forms on

behalf of Old Nassau to procure Old Nassau's insurance coverages.  Furthermore, Sivitz/PIP reviewed and approved offers of insurance and gave authority on behalf of Old Nassau to bind its coverages, he negotiated lower premiums on behalf of Old Nassau, he was responsible for ensuring timely payments were made with regard to Old Nassau's insurance premiums, and he was responsible for maintaining Old Nassau's insurance documents.  Sivitz/PIP even handled the submission of Old Nassau's claims on the life insurance policies.  In short, Sivitz/PIP handled the day-to-day insurance needs of Old Nassau.

14.     PIP also assisted Old Nassau with investing and finance.  Pursuant to the Agreement, Arthurs helped Old Nassau set up its own "financial administration," which included managing Old Nassau's financial accounts and ensuring that bills were timely paid. He also hired Teresa Deluca to work as an accounting manager for Old Nassau.

15.     On September 7, 2012, Old Nassau's premium payment was due for the life insurance policy issued by ReliaStar Insurance Company.  Old Nassau failed to pay this policy's premium and the policy lapsed effective November 7, 2012.

16.     On December 3, 2012, Old Nassau's premium payment was due for the life insurance policy issued by ReliaStar Insurance Company of New York.  Old Nassau never paid the premium for this policy and its lapsed effective February 4, 2013.

17.     On February 6, 2014, Old Nassau's premium payment was due for the life insurance policy issued by Principal Insurance Company ("Principal").  Old Nassau failed to pay this policy's premium and it lapsed effective March 16, 2014.

18.     Old Nassau alleges that it never received any of the late payment notices or notices of lapsed coverage from ReliaStar, ReliaStar NY, or Principal with regard to its life

-4-

insurance policies. According to Old Nassau, it never received these notices because they were not sent to the correct mailing addresses.

19.    Pursuant to the duties that PIP assumed under the Agreement and/or otherwise voluntarily assumed, PIP's duty to advise and assist Old Nassau with insurance services, financial administration, accounting services, and other conduct of its business included: procuring and maintaining Old Nassau's life insurance policies; providing complete and accurate information to Old Nassau's insurance carriers and brokers; ensuring that Old Nassau's policy premiums were timely made; and ensuring that Old Nassau's insurance coverages did not lapse.

20.    PIP negligently performed its duties to advise and assist Old Nassau with its insurance services by failing to:

   a.    ensure that Old Nassau's life insurance policy applications were complete and contained correct information;

   b.    ensure that Old Nassau identified the Somerset location as its desired mailing address in its insurance applications;

   c.    properly notify the defendants, ReliaStar, ReliaStar of NY, and/or Principal of Old Nassau's desired mailing address;

   d.    read the life insurance policies;

   e.    properly track and monitor the due dates for Old Nassau's insurance policy premiums;

   f.    notify Old Nassau that the premium payments were due, as it had previously done;

g.   ensure that the policy premiums for the life insurance policies were timely paid;

h.   take any reasonable action prevent the life insurance policies from lapsing;

i.   inform or advise Old Nassau that its life insurance policies had lapsed;

j.   advise or aid Old Nassau regarding the reinstatement of any of the policies after they lapsed;

k.   establish or implement a records system that adequately stored and maintained Old Nassau's insurance-related documents and information, such as copies of its insurance policies and material information about its policies, such as their policy periods and end dates and their premium due dates.

l.   establish or implement an adequate system that enabled to Old Nassau to diary and track the effective end dates of its policies and the due dates of its policy premiums;

m.   investigate to determine whether the life insurance policy premiums had been paid and the policies were in good standing;

n.   enroll Old Nassau in the insurers' automatic payment of premium programs;

o.   permitting Old Nassau to believe that all of its insurance needs (and specific requests) were being met at a time PIP knew or should have known they that were not being met;

1712930v.1

p.   representing to Old Nassau that it had $15,000,000 in life insurance coverage when the ReliaStar and ReliaStar NY policies had lapse already;

q.   allowing the Principal policy application to list the lapsed insurance policies as "other insurance";

21.   PIP negligently performed its duties to advise and assist Old Nassau with its finances, accounts and other conduct of its business by failing to:

a.   ensure that Old Nassau timely paid its life insurance policy premiums;

b.   adequately monitor and/or manage Old Nassau's accounts to ensure timely payment of its bills and/or identify due dates of its insurance policy premiums;

c.   establish and implement a proper "financial administration" system for Old Nassau to receive, document, and properly track Old Nassau's bills and payments of its bills, including its insurance policy premiums;

d.   establish and/or implement a records system that properly stored Old Nassau's business-related documents and inventory of its assets, such as its insurance policies;

e.   properly hire and train Old Nassau employees to manage its accounts and record-keeping, including documenting, tracking and ensuring timely payments of its bills and other accounts due, such as the life insurance policy premiums.

22.   Plaintiff Old Nassau's alleged loss in its Amended Complaint was directly and proximately caused by the aforesaid negligence, conduct, acts and/or omissions by Princeton Investment Partners, Ltd.

-7-

23.    Therefore, as a result of the aforementioned negligence, liability, and/or other culpable conduct of third-party defendant Princeton Investment Partners, Ltd., said third-party defendant is liable for any and all damages or loss sustained by Old Nassau Imports, LLC as alleged in its Amended Complaint.

24.    Without admitting liability or waiving any rights or defenses, if and to the extent USI Insurance Services, LLC and/or Robert Cope are held liable for Plaintiff's alleged loss or damages, USI Insurance Services, LLC and Robert Cope are entitled to indemnity and/or contribution from Princeton Investment Partners, Ltd.

WHEREFORE, third-party plaintiffs USI Insurance Services, LLC and Robert Cope hereby demand judgment in their favor together with an award of attorney's fees and costs, interest, and such other relief as the Court deems just and equitable.

## JURY DEMAND

Third-party plaintiffs, USI Insurance Services, LLC and Robert Cope, hereby demand trial by jury as to all issues herein presented.

## DESIGNATION OF TRIAL COUNSEL

Pursuant to the provisions of R. 4:25-4, Christopher P. Leise, Esquire is hereby designated as trial counsel on behalf of the third-party plaintiffs.

## CERTIFICATION PURSUANT TO R. 4:5-1

I hereby certify that to the best of my knowledge, the matter in controversy is not the subject of any other action or arbitration proceeding, now or contemplated, and that no other parties should be joined in this action.

-8-

1712930Rv.1

Respectfully submitted,

**WHITE AND WILLIAMS LLP**
Attorneys for Defendants/Third-Party
Plaintiffs, USI Insurance Services, LLC
and Robert Cope

BY: _____

Christopher P. Leise, Esquire

Dated: August 9, 2016.

17129308v.1

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that a true and correct copy of Defendants USI Insurance Services, LLC and Robert Cope's Third Party Complaint has been served on this date to the following via New Jersey Lawyers Service and electronic mail:

Frederick C. Biehl, III, Esquire
Soriano, Henkel, Biehl & Matthews, P.C.
75 Eisenhower Parkway
Roseland, NJ 07068
Email: fredbiehl@shsbmlaw.com

Gary Varnavides, Esquire
Sichenzia Ross Friedman Ference LLP
61 Broadway, 32nd Floor
New York, NY 10006
Email: gvarnavides@srff.com

Donna McFadden,
Legal Secretary to Christopher P. Leise, Esquire

Dated: August 9, 2016

17129308v.1

# Princeton Investment Partners, Ltd.

May 16, 2008

Malcolm M. Lloyd, MD
CEO
Old Nassau Imports, LLC
One Cotswald Lane.
Princeton, New Jersey. 08540

Dear Malcolm:

Based on our meetings and your proposed terms sheet, this letter, when executed by you, Malcolm M. Lloyd ("MML") the behalf of Old Nassau Imports LLC ("ONI") and William D. Sietz ("WDS") and D. Ross Arthurs ("DRA") on behalf of Princeton Investment Partners, Ltd. ("PIP") will serve as our agreement ("Agreement") as follows:

1.      SERVICES – PIP will advise and assist ONI in the conduct of its business, including without limitation, operational growth, cash flow management, investment banking, inventory control and management, logistics, product costing and distribution, strategic planning, financial analysis, insurance services and such other matters as may be reasonably requested and approved by the ONI Board of Directors. It is further agreed that should PIP provide its specialized services with respect to the sale of ONI, raising a debt instrument or other non ordinary course of business event, that a separate fee will be negotiated between ONI and PIP.

2.      REPRESENTATIONS – PIP represents and warrants that by entering this Agreement, it will not breach any agreements and/or understandings with any third parties.

3.      INDEPENDENT CONTRACTOR – PIP shall act as an independent contractor and not as an employee, agent or partner of ONI, and shall be responsible for any taxes which are due with respect to the Remuneration it receives from ONI pursuant to this Agreement.

4.      NON-COMPETE – PIP will enter a customary non compete and confidentiality agreement, the duration of which will not exceed 12 months post-termination. PIP will not work with another spirits company during the duration of this non-compete.

5.      REMUNERATION – In consideration of the services rendered by PIP, ONI shall pay to PIP a fee in equity capital by ONI at a rate of $1.00 per Class B Membership Unit ("Units") equal to (i) a grant of 5,000 Units per month and (ii) 10% of the first $400,000 of capital raised by PIP and 12.5% of all capital raised by PIP in excess of $400,000.

6.      EXPENSES – ONI agrees to reimburse PIP for all reasonable out of pocket expenses incurred with respect to the Services to be performed pursuant to this Agreement within 30 days of submission of a standard expense report with all appropriate receipts attached.

65 South Main Street, Building C – Pennington, NJ 08534
609-737-2440 ~ 609-737-2485 (Fax)

EXHIBIT
A

ONI 437

7.      SUPPORT – ONI, agrees to provide collateral materials and any such other support as may be reasonably requested by PIP in fulfillment of the Services and other efforts PIP has agreed to undertake in this Agreement.

8.      ENGAGEMENT – ONI agrees to engage PIP to provide the Services on a non-exclusive basis, with an initial term commencing May 1st 2008 and continuing for twelve months. After the initial period ONI and PIP will agree to review the Services and Remuneration provided and renew the Agreement, provided PIP directly or indirectly raised $750,000 in capital during the initial Agreement period.

9.      TERMINATION – This Agreement shall terminate due to any material breach of its terms by PIP, which breach remains uncured, due to the conduct of PIP, for greater than 15 days after receipt of written notice.

10.     DISPUTE RESOLUTION – Should the parties to this Agreement be unable to resolve any disputes between themselves, arising under this Agreement, they agree to use Mediation as provided under the New York Rules of Arbitration and Mediation, as the exclusive means through which to reach a binding resolution.

If the above accurately sets forth our understanding, each party shall execute this Agreement where indicated.

PRINCETON INVESTMENT PARTNERS, LTD                    OLD NASSAU IMPORTS, LLC

By                                                    By
   William D. Sivitz                                     Malcolm M. Lloyd

By
   D. Ross Arthur

ONI 438

# EXHIBIT B



RLI Insurance Company          Chicago Branch Office | 525 West Van Buren St. | Congress Center, Suite 350 | Chicago, IL 60607-3823

P: 312-360-1566 | F: 312-360-1565 | www.rlicorp.com

August 26, 2016

_Via Certified Mail Return Receipt Requested_ 9214 8969 0099 9790 1609 9645 54

William Sivits
Ross Arthurs
Princeton Investment Partners, Ltd.
80 Cottontail Lane, Suite 105
Summerset, NJ 08873

Re:     Named Insured: Princeton Investment Partners, Ltd.
        Claimant: USI Insurance Services, LLC and Robert Cope
        Policy No.: RTP0006230
        RLI File No. 00424463

Dear Gentlemen:

This will acknowledge that on June 23, 2016, RLI Insurance Company ("RLI") was notified of a Claim made against Princeton Investment Partners, Ltd. ("Princeton Partners"). For the reasons discussed below, RLI must respectfully decline coverage for this claim (both defense and indemnity) under the RLI policy. RLI regrettably reaches this decision based upon the information that it has been provided. Please take the time to read this letter in its entirety. If you have any questions regarding the issues raised in this letter, please contact the undersigned.

The Claim

Old Nassau Imports, LLC ("Old Nassau") filed litigation in the Superior Court of New Jersey, Law Division in Essex County styled _Old Nassau Imports, LLC v. US Insurance Services et al.,_ under Docket No.: L-8865-14. In response to this litigation, USI Insurance Services, LLC and Robert Cope filed a Third Party Complaint, the ("_USI Third Party Complaint_") against Princeton Investment Partners, Ltd. The _USI Third Party Complaint_ alleges Old Nassau in 2008 retained Princeton Partners to:

"advise and assist ONI in the conduct of its business, including without limitation, operational growth, cash flow management, investment banking, inventory control and management, logistics, product costing and distribution, strategic planning, financial analysis, insurance services and such other matters as may be reasonably requested and approved by the ONI Board of Directors".

1



It is further alleged in the *USI Third Party Complaint*:

"Sivitz and Arthurs, on behalf of PIP and pursuant to the Agreement, assisted Old Nassau in the conduct of its business, including its operational growth, cash flow management, strategic planning, financial services, and insurance services."

"Specifically, Sivitz was the PIP "insurance guy" for Old Nassau.  Pursuant to the Agreement, Sivitz/PIP was responsible for obtaining and maintaining all of Old Nassau's insurance coverages, including general liability, property, workers' compensation, D&O liability, fiduciary liability, and the key man life insurance coverages on Malcolm Lloyd's life at issue in this litigation.  Sivitz/PIP engaged USI, communicated Old Nassau's needs to USI, was responsible for providing the necessary information and completing the necessary forms on behalf of Old Nassau to procure Old Nassau's insurance coverages.  Furthermore, Sivitz/PIP  reviewed and approved offers of insurance and gave authority on behalf of Old Nassau to bind its coverages, he negotiated lower premiums on behalf of Old Nassau, he was responsible for ensuring timely payments were made with regard to Old Nassau's insurance premiums, and he was responsible for maintaining Old Nassau's insurance documents.  Sivitz/PIP even handled the submission of Old Nassau's claims on the life insurance policies.  In short, Sivitz/PIP handled the day-to-day insurance needs of Old Nassau."

The *USI Third Party Complaint* alleges Princeton Partners "negligently performed its duties to advise and assist Old Nassau with its insurance services by failing to":

   a.  ensure that Old Nassau timely paid its life insurance policy premiums;

   b.  adequately monitor and/or manage Old Nassau's accounts to ensure timely payment of its bills and/or identify due dates of its insurance policy premiums;

   c.  establish and implement a proper "financial administration" system for Old Nassau to receive, document, and properly track Old Nassau's bills and payments of its bills, including its insurance policy premiums;

   d.  establish and/or implement a records system that properly stored Old Nassau's business-related documents and inventory of its assets, such as its insurance policies;

2



e. properly hire and train Old Nassau employees to manage its accounts and record-keeping, including documenting, tracking and ensuring timely payments of its bills and other accounts due, such as the life insurance policy premiums.

f. Notify Old Nassau that the premiums were done, as it had previously done;

g. ensure that policy premiums for the life insurance policies were timely paid;

h. take reasonable action to prevent the life insurance policies from lapsing;

i. inform or advise Old Nassau that is life insurance policies had lapsed;

j. advise or aide Old Nassau regarding the reinstatement of any of the policies after the lapsed;

k. establish or implement a records system that adequately stored and maintained Old Nassau's insurance –related documents and information, such as copies of its insurance policies and material information about its policies , such as their policy periods and end dates and their premium due dates;

l. establish or implement an adequate system that enabled Old Nassau to diary and track the effective end dates of its policies and the due dates of its policy premiums;

m. investigate to determine whether the life insurance premiums had been paid and the policies were in good standing;

n. enroll Old Nassau in the insurer's automatic payment of premium programs;

o. permitting Old Nassau to believe that all of its insurance needs (and specific requests) were being met at a time PIP knew or should have known they that were not being met

p. representing to Old Nassau that it had $15,000,000 in life insurance coverage when the ReliaStar and ReliaStar NY policies had lapse already:

q. allowing the Principal application to list the lapsed insurance policies as "other insurance";

3



The *USI Third Party Complaint* alleges that Princeton Partner failed to pay the premium for several life insurance policies providing coverage for Old Nassau employees, which resulted in lapsed coverage for each of those policies. The *USI Third Party Complaint* alleges that due to the negligence of Princeton Partners, Old Nassau lost $15,000,000 in life insurance policies for its employees and seeks recovery from them for damages.

<u>Policy Limits and Coverage</u>

Your Target Professionals Personal Services Liability Policy number RTP0006230 with RLI is a claims made and reported Policy with a Policy Period from September 5, 2015 to September 5, 2016 with limits of liability of $1,000,000 each Claim and $1,000,000 each Policy Year. The Policy contains a $10,000 each Claim Deductible. The Defense within Limits and Retroactive Date Endorsement sets forth an October 1, 1998 Retroactive Date.

The Policy also provides that RLI agrees as follows:

a.  The Insurer will pay on behalf of the **Insured, Claim Expenses** and **Damages** in excess of the Deductible and not exceeding the Limits of Liability shown on the Policy Declarations that the Insured shall become legally obligated to pay because of **Claims** first made against the **Insured** during the **Policy Period** and first reported to the Insurer during the **Policy Period**, the Automatic Extended Reporting Period, or if applicable, during the Extended Reporting Period, for **Wrongful Acts** to which this insurance applies.

The Policy provides for the following defined terms:

m.  "**Professional Services**" means services rendered to others for a fee solely in the conduct of the Insured's profession as stated in Item 7. of the Policy Declarations, including such services provided electronically utilizing the Internet or a network of two or more computers.

q.  "**Wrongful Act**" means any actual or alleged error, omission or negligent act, committed solely in the rendering of or failure to render **Professional Services** by an **Insured** or any person or entity for which the **Insured** is legally liable. **Wrongful Act** also means any actual or alleged error, omission or negligent act committed solely in the rendering of or failure to render **Professional Services** by an **Insured** or any person or entity for which the **Insured** is legally liable and that results in **Personal Injury**.

<u>Definition of Professional Services</u>

4



Your Target Professionals Personal Services Liability Policy with RLI lists **Management Consulting Services** as the **Professional Services** covered by this Policy.   The **Management Consulting Services** Endorsement provides in pertinent part as follows:

It is agreed that:

1. Section **5. DEFINITIONS**, is amended to include the following

"Management Consulting Services" means:

(i) analysis of management and operational issues and development of improvement plans; or

(ii) advice and guidance on development and implementation of strategic goals, and objectives; or

(iii) advice and guidance on improving the efficiency of functional or operational areas through technology and human resource solutions; or

(iv) development and implementation of coaching skills for management and key personnel.

**No Covered Professional Services Alleged By The USI Third Party Complaint**

In order for your RLI Policy to grant coverage for this claim, there must be Professional Services as defined by your Policy performed by an Insured on behalf of Princeton Partners. The *USI Third Party Complaint* fails to allege Professional Services by William Sivitz, Ross Arthurs and/or Princeton Partners which falls within the definition of Management Consulting Services. Therefore, .regrettably there is no coverage for the *USI Third Party Complaint.*

**No Professional Services Performed on Behalf of Named Insured**

Your Target Professionals Personal Services Liability Policy with RLI provides for the following defined terms:

When used in this Policy:

5



g. "Insured" means:

(i)     the individual, partnership, corporation or other entity specified as the Named Insured in Item 1. of the Policy Declarations, including any partner, member, director, officer or employee thereof while acting within the scope of their duties as such;

(ii)    any former or retired partner, member, director, officer or employee of the Named Insured or Subsidiary, but only for those Professional Services rendered on behalf of the Named Insured or Subsidiary prior to the date of separation or retirement from the Named Insured or Subsidiary;

(iii)   independent contractors who are natural persons under contract with the Named Insured or Subsidiary, but solely for those Professional Services rendered on behalf of the Named Insured or Subsidiary;

(iv)    any Subsidiary of the Named Insured;

(v)     in the event of death, incompetency, insolvency or bankruptcy of any Insured, described in paragraphs (i) and (ii) above, such Insured's legal representative while acting within the scope of his or her duties as such.

h. "Named Insured" means the individual, partnership, corporation or other entity specified in Item 1. of the Policy Declarations.

Based upon the information provided to RLI, William Sivitz and Ross Arthurs, on behalf of Princeton Partners, were retained by Old Nassau on May 1, 2008 for a period of one year through May 1, 2009. Subsequently, Ross Arthur left his role as a consultant with Princeton Partners and was employed by Old Nassau as Chief Financial Officer on January 1, 2010. William Sivitz left his role as a consultant with Princeton Partners and was employed by Old Nassau as Chief Administrative Officer on January 1, 2010. Bill Sivitz' employment contract was extended by Old Nassau for 2011, 2012 and 2013 by Old Nassau based upon the documents reviewed.

The *USI Third Party Complaint* alleges the following date relating to its claim against Princeton Partners:

September 7, 2012:   Reliastar premium due
November 7, 2012:   Reliastar policy lapsed

6



December 3, 2012:   Reliastar premium due
February 4, 2013:   Reliastar policy lapsed
February 6, 2013:   Principal premium due
March 16, 2014:   Principal policy lapsed

Our examination of the information provided to us as well as the allegations pled in the *USI Third Party Complaint* lead to the conclusion that neither William Sivitz nor Ross Arthurs were performing Professional Services as defined by your RLI Policy on behalf of Princeton Partners at the time of the alleged negligent acts which led to policies of insurance lapsing due to the non-payment of insurance premiums. Therefore, regrettably there is no coverage for the *USI Third Party Complaint.*

Exclusion for Insurance

The Exclusions Section of your Target Professionals Liability Policy number RTP0006779 with RLI states in Section 6(h) and 6(p) as follows:

The Insurer shall not be liable for **Damages** or **Claim Expenses** in connection with any **Claim** arising out of, directly or indirectly resulting from or in consequence of or in any way involving:

h. any actual or alleged failure to effect or maintain any insurance or bond; or

p. any actual or alleged rendering or failure to render investment or insurance counseling or advice; the purchase or selling of, or failure to purchase or sell an investment or insurance of any kind; or any **Insured**'s advice, promise(s) or guarantee(s) regarding the future value of any investments or interest rate or rate of return; or any **Insured**'s advice, promise(s) or guarantee(s) regarding the coverage provided or not provided by insurance of any kind.

The *USI Third Party Complaint* in its entirety alleges a failure by Princeton Partners to advise, monitor and preserve life insurance policies for employees of Old Nassau. The services rendered by Princeton Partners alleged in the *USI Third Party Complaint* trigger Exclusions 6 (h) and 6 (p) of your Policy and exclude coverage for this claim.

Conclusion

For the reasons discussed above, RLI must respectfully decline coverage for this claim (both defense and indemnity) under the RLI policy. RLI regrettably reaches this decision based upon the information that it has been provided. If you disagree with our conclusion and you wish to provide us with additional information

7



and/or documentation to support your position, please direct same to the attention of the undersigned and we will give this matter further consideration.

While portions of the Policy are quoted in this letter in an effort to explain the applicable limitations of coverage under the Policy, all of the terms and conditions of the Policy apply. RLI specifically relies on all of the terms and conditions of the Policy, and RLI's failure to mention a provision of the Policy or other coverage defenses in this letter is not intended to be and should not be viewed as a waiver of any defenses and rights under the Policy, in equity and under applicable law. RLI reserves its right to assert any other coverage defense that might apply to this matter. Please take the appropriate measures to consult with a qualified attorney to advise you how to respond to the *USI Third Party Complaint.*

If you have any questions or concerns please contact me at (312) 360-1566 x 1258.

Sincerely,

Michael Simmons

Claims Manager
RLI Insurance Company
525 West Van Buren, Suite 350
Chicago IL 60607
(312) 360-1566 ext. 1258
Fax (866) 551-4016
michael.simmons@rlicorp.com


cc:   Hub International c/o George Glavas by email at George.Gavalas@hubinternational
      RLI c/o Matthew Hanna by email at Matthew.Hanna@rlicorp.com
      RLI c/o Jeremy Israelite by email at Jeremy.Israelite @rlicorp.com
      RLI c/o Paul Dietrich by email at Paul.Dietrich@rlicorp.com

8

Sep. 21. 2016 10:25AM                                No. 5144   P. 2



Barry A. Kozyra, Esq. (023641978)
**KOZYRA & HARTZ, LLC**
354 Eisenhower Parkway
Second Floor, Suite 2300
Livingston, New Jersey 07039
Tel.: (973) 740-1550
Fax: (973) 740-1515
Attorneys for Third Party Defendant
Princeton Investment Partners, Ltd

| | |
|---|---|
| OLD NASSAU IMPORTS, LLC, <br><br> Plaintiff, <br><br> v. <br><br> USI INSURANCE SERVICES, LLC, ROBERT COPE, DAVID GASTWIRTH, AMERICAN BUSINESS, INC. AND AMERICAN BUSINESS EAST, INC., JOHN AND JANE DOES 1-10, ABC COMPANY 1-10 <br><br> Defendants. <br><br> —————————————— <br><br> USI INSURANCE SERVICES, LLC and ROBERT COPE, <br><br> Third-Party Plaintiffs, <br><br> v. <br><br> PRINCETON INVESTMENT PARTNERS, LTD. <br><br> Third-Party Defendant. | SUPERIOR COURT OF NEW JERSEY LAW DIVISION - ESSEX COUNTY <br><br> DOCKET NO. L-8865-14 <br><br> CIVIL ACTION <br><br><br> **CONSENT ORDER EXTENDING TIME TO ANSWER THIRD PARTY COMPLAINT** |



THIS MATTER, having come before the Court upon the Third Party Plaintiffs, US Insurance Services, LLC and Robert Cope's Third Party Complaint against Princeton Investment Partners, Ltd., and the parties having agreed that the Third Party Defendant shall have sufficient time to file such ~~responsive pleadings as deemed appropriate~~ *an answer*, and the parties wishing to memorialize the terms of their agreement, and for good cause shown;

IT IS, on this 30th day of Sept., 2016;

ORDERED:

1.     That the time for Third Party Defendant to answer ~~or otherwise plead~~ in this matter shall be extended until October 28, 2016.

2.     A copy of this Consent Order shall be served upon counsel to the Third Party Plaintiff within 7 days.

_____
Hon. L. Grace Spencer, J.S.C. J.S.C.

Consent as to form and entry:

_____
Christopher P. Leise, Esq.
Attorney for Third Party Plaintiffs

2

**Appendix XII-B1**

| CIVIL CASE INFORMATION STATEMENT (CIS) | FOR USE BY CLERK'S OFFICE ONLY |
|---|---|



### CIVIL CASE INFORMATION STATEMENT
### (CIS)

Use for initial Law Division
Civil Part pleadings (not motions) under *Rule* 4:5-1
Pleading will be rejected for filing, under *Rule* 1:5-6(c),
if information above the black bar is not completed
or attorney's signature is not affixed

**FOR USE BY CLERK'S OFFICE ONLY**

PAYMENT TYPE: ☐ CK ☐ CG ☐ CA
CHG/CK NO.
AMOUNT:
OVERPAYMENT:
BATCH NUMBER:

| ATTORNEY / PRO SE NAME | TELEPHONE NUMBER | COUNTY OF VENUE |
|---|---|---|
| Barry A. Kozyra, Esq. | (973) 740-1550 | Essex |

| FIRM NAME (if applicable) | DOCKET NUMBER (when available) |
|---|---|
| Kozyra & Hartz, LLC | L-8865-14 |

| OFFICE ADDRESS | DOCUMENT TYPE |
|---|---|
| 354 Eisenhower Parkway, Second Floor, Suite 2300 Livingston, New Jersey 07039 | Answer to Third Party Complaint |
| | JURY DEMAND ■ YES ☐ No |

| NAME OF PARTY (e.g., John Doe, Plaintiff) | CAPTION |
|---|---|
| Third Party Defendant, Princeton Investment Partners, Ltd | Old Nassau Imports, LLC vs. USI Insurance Services, LLC, et al. vs. USI Insurance Services, LLC, et al. vs. Princeton Investment Partners, Ltd. |

| CASE TYPE NUMBER (See reverse side for listing) 505 | HURRICANE SANDY RELATED? ☐ YES ■ NO | IS THIS A PROFESSIONAL MALPRACTICE CASE? ☐ YES ■ NO |
|---|---|---|
| | | IF YOU HAVE CHECKED "YES," SEE N.J.S.A. 2A:53 A-27 AND APPLICABLE CASE LAW REGARDING YOUR OBLIGATION TO FILE AN AFFIDAVIT OF MERIT. |

| RELATED CASES PENDING? ☐ Yes ■ No | IF YES, LIST DOCKET NUMBERS |
|---|---|

| DO YOU ANTICIPATE ADDING ANY PARTIES (arising out of same transaction or occurrence)? ■ Yes ☐ No | NAME OF DEFENDANT'S PRIMARY INSURANCE COMPANY (if known) RLI Insurance Company | ☐ NONE ☐ UNKNOWN |
|---|---|---|

**THE INFORMATION PROVIDED ON THIS FORM CANNOT BE INTRODUCED INTO EVIDENCE.**

CASE CHARACTERISTICS FOR PURPOSES OF DETERMINING IF CASE IS APPROPRIATE FOR MEDIATION

| DO PARTIES HAVE A CURRENT, PAST OR RECURRENT RELATIONSHIP? ☐ YES ■ No | IF YES, IS THAT RELATIONSHIP: ☐ EMPLOYER/EMPLOYEE ☐ FAMILIAL | ☐ FRIEND/NEIGHBOR ☐ BUSINESS | ☐ OTHER (explain) |
|---|---|---|---|

DOES THE STATUTE GOVERNING THIS CASE PROVIDE FOR PAYMENT OF FEES BY THE LOSING PARTY? ☐ YES ■ No

USE THIS SPACE TO ALERT THE COURT TO ANY SPECIAL CASE CHARACTERISTICS THAT MAY WARRANT INDIVIDUAL MANAGEMENT OR ACCELERATED DISPOSITION

We represent a newly added third party (Princeton Investment Partners, Ltd) which will be adding a non-party Illinois based insurance company (RLI Insurance Company) as an additional party.

SUPERIOR COURT OF NEW JERSEY
ESSEX VICINAGE

**OCT 3 1 2016**

CHANCE DIVISION
RECEIVED/FILED

| DO YOU OR YOUR CLIENT NEED ANY DISABILITY ACCOMMODATIONS? ☐ Yes ■ No | IF YES, PLEASE IDENTIFY THE REQUESTED ACCOMMODATION |
|---|---|
| WILL AN INTERPRETER BE NEEDED? ☐ Yes ■ No | IF YES, FOR WHAT LANGUAGE? |

I certify that confidential personal identifiers have been redacted from documents now submitted to the court, and will be redacted from all documents submitted in the future in accordance with *Rule* 1:38-7(b).

ATTORNEY SIGNATURE:



**Side 2**

# CIVIL CASE INFORMATION STATEMENT
## (CIS)
Use for initial pleadings (not motions) under *Rule* 4:5-1

---

**CASE TYPES** (Choose one and enter number of case type in appropriate space on the reverse side.)

**Track I - 150 days' discovery**
151    NAME CHANGE
175    FORFEITURE
302    TENANCY
399    REAL PROPERTY (other than Tenancy, Contract, Condemnation, Complex Commercial or Construction)
502    BOOK ACCOUNT (debt collection matters only)
505    OTHER INSURANCE CLAIM (including declaratory judgment actions)
506    PIP COVERAGE
510    UM or UIM CLAIM (coverage issues only)
511    ACTION ON NEGOTIABLE INSTRUMENT
512    LEMON LAW
801    SUMMARY ACTION
802    OPEN PUBLIC RECORDS ACT (summary action)
999    OTHER (briefly describe nature of action)

**Track II - 300 days' discovery**
305    CONSTRUCTION
509    EMPLOYMENT (other than CEPA or LAD)
599    CONTRACT/COMMERCIAL TRANSACTION
603N  AUTO NEGLIGENCE – PERSONAL INJURY (non-verbal threshold)
603Y  AUTO NEGLIGENCE – PERSONAL INJURY (verbal threshold)
605    PERSONAL INJURY
610    AUTO NEGLIGENCE – PROPERTY DAMAGE
621    UM or UIM CLAIM (includes bodily injury)
699    TORT – OTHER

**Track III - 450 days' discovery**
005    CIVIL RIGHTS
301    CONDEMNATION
602    ASSAULT AND BATTERY
604    MEDICAL MALPRACTICE
606    PRODUCT LIABILITY
607    PROFESSIONAL MALPRACTICE
608    TOXIC TORT
609    DEFAMATION
616    WHISTLEBLOWER / CONSCIENTIOUS EMPLOYEE PROTECTION ACT (CEPA) CASES
617    INVERSE CONDEMNATION
618    LAW AGAINST DISCRIMINATION (LAD) CASES

**Track IV - Active Case Management by Individual Judge / 450 days' discovery**
156    ENVIRONMENTAL/ENVIRONMENTAL COVERAGE LITIGATION
303    MT. LAUREL
508    COMPLEX COMMERCIAL
513    COMPLEX CONSTRUCTION
514    INSURANCE FRAUD
620    FALSE CLAIMS ACT
701    ACTIONS IN LIEU OF PREROGATIVE WRITS

**Multicounty Litigation (Track IV)**

| | | | |
|---|---|---|---|
| 271 | ACCUTANE/ISOTRETINOIN | 290 | POMPTON LAKES ENVIRONMENTAL LITIGATION |
| 274 | RISPERDAL/SEROQUEL/ZYPREXA | 291 | PELVIC MESH/GYNECARE |
| 278 | ZOMETA/AREDIA | 292 | PELVIC MESH/BARD |
| 279 | GADOLINIUM | 293 | DEPUY ASR HIP IMPLANT LITIGATION |
| 281 | BRISTOL-MYERS SQUIBB ENVIRONMENTAL | 295 | ALLODERM REGENERATIVE TISSUE MATRIX |
| 282 | FOSAMAX | 296 | STRYKER REJUVENATE/ABG II MODULAR HIP STEM COMPONENTS |
| 285 | STRYKER TRIDENT HIP IMPLANTS | 297 | MIRENA CONTRACEPTIVE DEVICE |
| 286 | LEVAQUIN | 299 | OLMESARTAN MEDOXOMIL MEDICATIONS/BENICAR |
| 287 | YAZ/YASMIN/OCELLA | 300 | TALC-BASED BODY POWDERS |
| 288 | PRUDENTIAL TORT LITIGATION | 601 | ASBESTOS |
| 289 | REGLAN | 623 | PROPECIA |

If you believe this case requires a track other than that provided above, please indicate the reason on Side 1,
in the space under "Case Characteristics."

**Please check off each applicable category**    ☐ Putative Class Action    ☐ Title 59

---